IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEVE JESTER                                                                          PLAINTIFF

v.                                    Civil No. 1:14-cv-01002

DAVID NORWOOD;
DOUG WOOD; WESLEY
STRINGFELLOW; TERRY
WEST; and NATHAN GREELEY                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Steve Jester pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is not currently incarcerated. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with a Court order and failure to prosecute this matter. After careful consideration, the Court makes the following Report and Recommendation.

1.      **BACKGROUND**

Plaintiff originally filed this case *pro se* on January 17, 2014. ECF No. 1. In his Complaint, Plaintiff claims Defendants violated his constitutional rights by: (1) denying him medical care and medication; (2) discriminating against him; (3) the conditions of the jail; (4) mail tampering; (5) poor security; (6) no licensed nurse; and (7) no law library access. ECF No. 1, pp. 4-6. At the time he filed his Complaint, Plaintiff was incarcerated at the Ouachita County

Detention Center ("OCDC").  According to Plaintiff's address of record, he is no longer incarcerated.

On December 1, 2014, Defendants filed a Motion for Summary Judgment.  ECF No. 18. On December 3, 2014, the undersigned issued an Order directing Plaintiff to complete and return a Notice to the Court indicating whether Plaintiff requested assistance from the Court in responding to the Motion for Summary Judgment.  ECF No. 21.  This Order was sent to Plaintiff address of record at that time—the Arkansas Department of Correction Tucker Unit in Tucker, Arkansas. This Order was not returned as undelivered mail.  Plaintiff did not return the Notice or otherwise respond to Defendants' Motion for Summary Judgment or the Court's December 3, 2014 Order.

On April 1, 2015, the Court received a notice of change of address from Plaintiff indicating he had been released from the ADC.  The Court changed Plaintiff's address of record to reflect the home address provided by Plaintiff.  ECF No. 23.  The Court mailed Plaintiff a copy of the Order changing his address of record to the home address provided by Plaintiff.  This mailing was returned to the Court on April 13, 2015 as undeliverable mail and marked "no forwarding address." The Court has no accurate address for Plaintiff at this time.

Finally, Plaintiff was advised by the Court that it is his responsibility to keep the Court informed of his current address and that failure to do so could result in the dismissal of this action. ECF No. 3.

## 2.    APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**3.      DISCUSSION**

Plaintiff has failed to comply with the Court's January 17, 2014 Order directing him to keep the Court informed of his current address (ECF No. 3) and the Court's December 3, 2014 Order directing Plaintiff to respond with the Notice or respond to Defendants Motion for Summary

Judgment (ECF No. 18).  Further, Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## 4.      CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**The Parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 23rd day of April 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE